UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEON PIER WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2528-NCC |
| | ) |
| TERI LAWSON, ANNE L. PRECYTHE, | ) |
| and JEFF NORMAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Deon Pier Walker, an inmate at the Farmington Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $7.24. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $20.34 and an average monthly balance of $36.23. The Court will therefore assess an initial partial filing fee of $7.24, which is twenty percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against three Missouri Department of Corrections officials: Warden Teri Lawson, Director Anne Precythe, and Deputy Division Director Jeff Norman. Plaintiff sues Lawson in her individual and official capacities. He does not indicate the capacity in which he sues Precythe or Norman. He alleges as follows.

Plaintiff was "subjected to cruel and unusual punishment by staff" in that he was made to sit on a restraint bench for 6 hours and 19 minutes with no restroom or water breaks. Plaintiff was also "[discriminated] against and denied P.C. custody also abused by staff with a spontaneous use of force," and his property was taken. This occurred beginning on April 5, 2019 and ended on April 6, 2019. "Each defendant" failed to take action to resolve the issues, and "defendants" also failed to follow standard operating procedure. As a result, plaintiff suffered from back and leg pain. Plaintiff seeks monetary relief.

With the complaint, plaintiff filed a motion seeking the appointment of counsel. After filing the complaint, plaintiff filed a motion to subpoena "all medical records from Farmington Correctional Center Medical Office," and two supplemental documents seeking to add parties to this action. On January 22, 2010, plaintiff filed a motion requesting "all summons pertaining to

the above case # with copies of summons for each defendant," and "pre payment plan I am eligible for." (ECF No. 12).

**Discussion**

The complaint fails to state a claim upon which relief may be granted against Lawson in her official capacity, and against Precythe and Norman.[1] Official-capacity suits represent another way of pleading an action against the entity of which the officer is an agent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (1985)). Therefore, plaintiff's official-capacity claims are assumed to be claims against the Missouri Department of Corrections ("MDOC"), a state agency. *See id.; see also Walker v. Mo. Dep't of Corr.,* 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing MDOC as state agency)*; see also Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). However, plaintiff has failed to allege sufficient facts to state an official-capacity claim. *See Graham*, 473 U.S. at 166. Additionally, to the extent plaintiff seeks relief other than prospective injunctive relief, his official capacity claims would be barred by the Eleventh Amendment. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

Even if plaintiff had sued the defendants in their individual capacities, the complaint would be subject to dismissal. Plaintiff fails to adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983

---

[1] Because plaintiff fails to specify the capacity in which he sues Precythe and Norman, this Court must interpret the complaint as alleging only official-capacity claims against them. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

4

where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

In consideration of plaintiff's pro se status, the Court will allow him to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). <u>Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim</u>. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same

transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

The Court now addresses plaintiff's motions. Plaintiff's motion seeking a subpoena of "all medical records from Farmington Correctional Center Medical Office" will be denied. The motion is premature, as no defendant has been served with process in this matter and the Court has yet to enter a Case Management Order to establish discovery deadlines. Additionally, the subpoena plaintiff seeks is impermissibly broad. Plaintiff's motion seeking the appointment of counsel will also be denied. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When

determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present his claims. The motion is also premature, as no defendant has been served with process and discovery has not begun. The Court will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses. Finally, plaintiff's January 22, 2020 motion will be denied. In the event plaintiff files a complaint that survives initial review, the Court will assume responsibility for effecting service of process. Plaintiff's request for a "pre payment plan" is moot, as he has been granted leave to proceed in forma pauperis and has been directed to pay an initial partial filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $7.24 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for subpoenas (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's pro se motion (ECF No. 12) is **DENIED**.

Dated this 7th day of February, 2020.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE