**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEON PIER WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-2528-NCC |
| ) | |
| TERI LAWSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Deon Pier Walker, a prisoner who is proceeding herein *pro se* and *in forma pauperis*. For the reasons discussed below, the Court will dismiss this action, without prejudice.

**Background**

Plaintiff initiated this action on September 9, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against three Missouri Department of Corrections officials: Warden Teri Lawson, Director Anne Precythe, and Deputy Division Director Jeff Norman. He claimed his Eighth Amendment rights were violated in April 2019 when he was denied protective custody and confined to a restraint bench for 6 hours and 19 minutes with no bathroom or water breaks. He also claimed that excessive force was used against him, that his property was taken, and that he suffered discrimination.

Upon initial review, the Court determined that the complaint was subject to dismissal, and entered an order giving plaintiff the opportunity to file an amended complaint. In that order, the Court clearly explained why the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. In so doing, the Court emphasized that

it was important for plaintiff to allege facts in support of his claims against each defendant. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

As an initial matter, the Court notes that plaintiff did not follow all of the Court's instructions in preparing the amended complaint. It is unnecessarily long, and plaintiff sets forth his claims in the form of a rambling and repetitive narrative instead of setting forth a short and plain statement of his claims. Nevertheless, plaintiff's claims are discernible.

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Lawson, Precythe and Norman, and against corrections officers Alexander Downing, Jesse E. Cunningham, and Randall Beel. He sues the defendants in their official and individual capacities. As in the original complaint, his claims arise from an April 2019 incident in which he was denied protective custody and confined to a restraint bench for 6 hours and 19 minutes. He alleges as follows.

On April 5, 2019, plaintiff requested protective custody, and an officer escorted him from his cell. Because there were no single cells available, the officer placed him on a restraint bench. That occurred at 6:21 p.m. At 7:30 p.m., a lieutenant asked plaintiff why he needed protective custody. Plaintiff replied: "I don't feel safe in a cell with another offender and I've been in a mandatory single cell since February 20, 2019." Plaintiff does not explain why he did not feel safe in a cell with another offender, nor does he explain why he was in a mandatory single cell. The lieutenant replied that there were no single cells available, and plaintiff would therefore have to remain on the bench. Plaintiff asked for a bathroom break, and the lieutenant said he would attend to that when it was time.

At 8:30 p.m., a nurse checked plaintiff, and told officers to loosen his shackles. On another occasion, an officer brought plaintiff water. Plaintiff remained on the bench until 12:40 a.m. on April 6, at which time he was placed in a single-person cell.

Plaintiff states he was "subjected to cruel and unusual punishment by staff by sitting on the restraint bench for 6 hours and 19 minutes from April 5, 2019 at 6:21 pm until April 6, 2019 12:40 am." He initially alleges that all of his requests for bathroom and water breaks were denied. However, he later acknowledges he was offered bathroom and water breaks, but was not offered to take them in a single-person cell. He states that Cunningham, Downing, and Beel were trying to "lure" him into a cell with another offender, and he alleges that Beel told him he could only have bathroom and water breaks by taking them in a cell with another offender. He does not identify any particular offender, nor does he explain why he did not want to take a bathroom or water break in a cell with another offender. He states he "would have used restroom and got water for consumption if I could do so alone." Plaintiff also alleges that prison policy requires bathroom and water breaks to be offered every two hours, but he was offered breaks every three hours. He alleges he suffered thirst, and emotional distress and humiliation from holding his bladder for 6 hours and 19 minutes.

Plaintiff also claims that Cunningham and Downing "directly used force" on him. In support, plaintiff alleges that, in the course of shackling his legs to the bench, Cunningham pushed his legs backward while Downing pulled the shackles from behind. Plaintiff alleges this caused him to sit in an uncomfortable position, and he needed help walking to his cell when he was released from the bench. Later in the amended complaint, plaintiff alleges that an x-ray revealed that his spine was slightly crooked. He attributes that to the incident, but does not state when the x-ray was performed or whether he was given a diagnosis. Plaintiff claims Beel "is responsible for

4

orchestrating and demanding" that Cunningham and Downing "perform acts that occurred with the use of force."

Next, plaintiff claims that Cunningham and Downing impounded his property for 14 hours, leaving him wearing only underwear. He states that "malicious and sadistic acts occurred" and safety and security concerns were ignored. He claims Lawson, Precythe and Norman are liable to him because they failed to investigate and remedy his claims, and failed to properly train or discipline prison guards.

With the amended complaint, plaintiff provided copies of the Informal Resolution Request ("IRR"), Grievance, and Grievance Appeal he filed regarding the incident, along with the responses he received. The Court considers those documents part of the amended complaint for all purposes. *See* Fed. R. Civ. P. 10(c). The response to plaintiff's IRR indicates that officials discussed with plaintiff the policy on housing and cell assignment and offered him a cell, but he refused it. The response further indicates that during the time plaintiff was on the bench, he was offered water and bathroom breaks every two hours, and that the manner in which his legs were restrained to the bench was proper. The response to plaintiff's grievance also indicates that he was offered water and bathroom breaks while on the bench, but indicates that the offers occurred approximately three hours apart. The response also indicates that on another occasion, plaintiff refused an officer's attempt to talk to resolve the issue. Later in the amended complaint, plaintiff states that offenders in his situation should have the chance to take water and bathroom breaks alone.

In conclusion, plaintiff states it was unfair to keep him on the bench for 6 hours and 19 minutes because staff did not believe he needed protective custody. He also claims that staff failed to follow prison policy and procedure. He seeks monetary relief and abolition of the restraint

5

bench, and he states that offenders should have the chance to consume water and use the bathroom alone.

## Discussion

The amended complaint fails to state a claim upon which relief may be granted against the defendants in their official capacities. Official-capacity suits represent another way of pleading an action against the entity of which the officer is an agent. *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (1985)). Therefore, plaintiff's official-capacity claims are assumed to be claims against the Missouri Department of Corrections ("MDOC"), a state agency. *See id.; see also Walker v. Mo. Dep't of Corr.,* 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing MDOC as state agency)*; Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). However, plaintiff has failed to allege sufficient facts to state an official-capacity claim. *See Graham*, 473 U.S. at 166. Additionally, to the extent plaintiff seeks relief other than prospective injunctive relief, his official capacity claims would be barred by the Eleventh Amendment. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

Plaintiff's individual capacity claims are also subject to dismissal. Plaintiff first claims his constitutional rights were violated when he was refused protective custody status and not given a single-person cell. This claim arises under the Eighth Amendment, which requires prison officials to provide humane conditions of confinement, and imposes a duty upon them to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825 (1994), *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998). Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Farmer*, 511 U.S. at 834 (internal citations omitted). Therefore, a prison official violates the Eighth Amendment if he or she "acts with deliberate indifference to

a substantial risk of harm to the prisoner." *Perkins,* 161 F.3d at 1130 (citing *Farmer,* 511 U.S. at 834).

Establishing deliberate indifference requires plaintiff to demonstrate both an objective and a subjective component. To establish the objective component, plaintiff must show he faced a substantial risk of serious harm. *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins*, 161 F.3d at 1130). To establish the subjective component, plaintiff must show the defendant had a culpable state of mind; that is, that he actually knew of, but deliberately disregarded, such risk. *Id.* With respect to the subjective component, plaintiff must show the defendant was both aware of facts from which he could infer the existence of the risk, and that he drew the inference. *Farmer*, 511 U.S. at 837. The Eighth Amendment is not violated when an official fails "to alleviate a significant risk that he should have perceived but did not." *Id.* at 838.

Here, plaintiff alleges he told an officer he wanted protective custody status because he did not feel safe in a cell with another offender, but he does not explain why he felt that way. He also alleges he told the officer he had mandatory single cell status, but does not explain why. He does not allege he was having trouble with his cellmate, that he was ever threatened or harmed by another offender, that he had a history of any form of conflict with another offender, or any facts permitting the inference that he faced a substantial risk of serious harm. Plaintiff obviously did not want to share a cell with another offender. However, being required to share a cell with another offender does not equate to being subjected to conditions posing a substantial risk of serious harm. *See Rhodes v. Chapman,* 452 U.S. 337 (1981) (the placement of two prisoners in one cell is not *per se* unconstitutional). Plaintiff can be understood to allege that he told officers he preferred a single-person cell because he believed it was generally safer. However, to state a plausible Eighth Amendment claim, plaintiff is required to allege more than a general risk of violence that is

7

inherent in prison life. *See Curry v. Crist*, 226 F.3d 974, 978 (8th Cir. 2000) (prison officials "are not required to segregate indefinitely all inmates whose original crimes suggest they might be capable of further violence").

Because plaintiff's allegations do not permit the inference that he was subjected to conditions that posed a substantial risk of serious harm, he has failed to demonstrate the objective element necessary to state a plausible Eighth Amendment failure-to-protect claim. The Court therefore need not continue the analysis to determine whether plaintiff's allegations would satisfy the subjective element.

Next, plaintiff can be understood to claim that his Eighth Amendment rights were violated when Cunningham and Downing used excessive force in securing his legs to the bench. When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992). *See also Whitley v. Albers*, 475 U.S. 312, 321 (1986), *Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321.

Here, plaintiff claims that Cunningham and Downing "directly used force" when securing his legs to the bench. In support, he alleges that Cunningham pushed his legs backward while Downing pulled the shackles from behind, causing him to sit in an awkward and uncomfortable position. He states Cunningham and Downing's actions were "malicious and sadistic," and he

8

claims Beel compelled or otherwise directed their actions. He alleges he suffered pain and needed help walking to his cell after he was released from the bench. He also states that an x-ray revealed that his spine was slightly crooked, which he attributes to the incident.

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes that plaintiff's allegations are insufficient to state a plausible excessive force claim. Cunningham and Downing needed to use some force to secure plaintiff's lower extremities to the bench, and plaintiff's allegations that they pushed his legs and pulled his shackles simply do not permit the inference that they used more force than was necessary. While plaintiff states that Cunningham and Downing's actions were "malicious and sadistic," the Court is not bound to accept that statement as true. *See Twombly,* 550 U.S. at 555.

Additionally, plaintiff does not allege facts tending to show that Cunningham and Downing's actions caused any discernible or lasting injury. He states an x-ray revealed that his spine was slightly crooked, but he alleges no facts to link that finding to Cunningham and Downing's actions. He also states he experienced pain and needed help walking to his cell after he was released from the bench, but he does not allege his need for help persisted or that he was injured. The absence of injury is not irrelevant to the Eighth Amendment inquiry. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). While plaintiff need not plead that he suffered a serious injury, "some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Wilkins*, 559 U.S. at 38. Here, plaintiff's allegations amount to complaints of pushes that caused no discernible injury. While not alone dispositive, the absence of a discernible or lasting injury supports the conclusion that Cunningham and Downing used a *de minimis* amount of force, which does not violate the

9

Eighth Amendment. Accordingly, plaintiff's allegations concerning the force used to secure his legs to the bench does not state a claim upon which relief may be granted against Cunningham, Downing, or Beel.

Plaintiff can also be understood to claim he was subjected to unconstitutional conditions of confinement when he was held on the restraint bench for 6 hours and 19 minutes without bathroom or water breaks. To state a plausible Eighth Amendment conditions-of-confinement claim, plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, he must demonstrate he suffered a deprivation that was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or create a substantial risk of serious harm to his health or safety. *Farmer,* 511 U.S. at 834, *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). The duration of the exposure to the conditions and the harm suffered are key facts in determining whether this element has been satisfied. *Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996); *Whitnack*, 16 F.3d at 958. To satisfy the subjective element, plaintiff must demonstrate that the defendant actually knew of, but deliberately disregarded, the risk of harm posed by the deprivation. *Davis v. Oregon County, Mo*., 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

Here, plaintiff alleges he was held on the bench without bathroom or water breaks for 6 hours and 19 minutes, causing him to suffer pain and emotional distress from holding his bladder. He also alleges he suffered from thirst, although he was given water at one point. He alleges he needed help walking to his cell when he was released from the bench, but he does not allege he suffered any discernible or lasting injury. He alleges an x-ray revealed slight spinal curvature which he attributes to the incident, but he does not state when the x-ray was performed or allege facts tending to link the curvature to the incident.

Plaintiff's allegations indeed establish that he was subjected to uncomfortable conditions. However, the conditions were relatively benign, and plaintiff was subjected to them for only 6 hours and 19 minutes. The Constitution does not mandate comfortable prisons. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The Court concludes that plaintiff has failed to plead facts demonstrating that he was subjected to conditions of sufficient severity to satisfy the objective element necessary to state a plausible Eighth Amendment claim.

Even if plaintiff could demonstrate the objective element, he could not state a plausible Eighth Amendment claim because his allegations do not establish the subjective element. While plaintiff initially claims his requests for bathroom and water breaks were denied, his later allegations belie that claim and establish that he declined offers of bathroom and water breaks because he was not offered to take them in a single-person cell. Simply requiring plaintiff to take breaks in a cell with another offender does not amount to subjecting him to conditions of sufficient severity, and plaintiff does not allege that taking a break in a cell with another offender would have subjected him to such conditions. Based upon the alleged facts, it is apparent that plaintiff spent 6 hours and 19 minutes without a bathroom or water break because he chose to, not because any defendant was deliberately indifferent to a risk of harm.

Plaintiff also complains that bathroom and water breaks were offered three hours apart, whereas prison policy states they should be offered every two hours.. Plaintiff alleges that according to policy, he should have been offered a total of three breaks during his time on the bench, and the fact he was not "goes to show that prison guards did not offer me restroom and water breaks on time and did not let me utilize restroom and water breaks alone because of the protective custody issues and concerns." These allegations provide no basis for liability under § 1983 because plaintiff has no federal constitutional liberty interest in having prison officials follow

11

prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). *See also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not a basis for § 1983 liability).

Finally, plaintiff claims he was deprived of his personal property for 14 hours, during which time he had only underwear to wear. Depriving a prisoner of his property may implicate the Due Process Clause and form the basis for a § 1983 action. Here, however, plaintiff claims only that he was temporarily deprived of his property. Plaintiff appears to claim that this deprivation violated prison policy. However, as noted above, that is not a claim of constitutional significance. *See Phillips*, 320 F.3d at 847. Additionally, while plaintiff states he had only underwear to wear during this period, he does not allege he lacked bedding or other supplies, he does not allege he suffered any injury or was exposed to extreme temperatures, or any other facts permitting the inference that he was subjected to conditions of sufficient severity to implicate the Eighth Amendment.

Plaintiff also claims that Lawson, Precythe and Norman are liable to him because his grievances were not properly investigated and remedied. However, because there is no federal constitutional right to a prison grievance procedure, a prison official's failure to process or investigate grievances, without more, is not actionable under § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff also claims that Lawson, Precythe and Norman are liable to him because they failed to properly train or discipline prison guards. However, because plaintiff's allegations fail to establish a constitutional violation, there is no basis for liability for failure to train or supervise.

After carefully reading and liberally construing the amended complaint, the Court concludes that it is subject to dismissal because the claims plaintiff wishes to bring are either not

cognizable under 42 U.S.C. § 1983, or because plaintiff has failed to plead sufficient facts to state a claim upon which relief may be granted. Plaintiff was previously advised of the necessity of alleging facts in support of his claims, and the Court will not assume facts he has not alleged. *See Stone,* 364 F.3d at 914-15 (federal courts are not required to assume facts that are not alleged). The Court will therefore dismiss this case at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of June, 2020.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE